UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Estate of Daaiyah Jolly-Boyd, et al.,

Plaintiffs

v.

First American Title and Insurance Co., et al.,

Defendants

Case No. 2:26-cv-01183-CDS-NJK

**Order Accepting Magistrate Judge's Report and Recommendation and Denying as Moot Plaintiffs' Pending Motions**

[ECF Nos. 7, 8, 17, 21, 25, 26]

Pro se plaintiff James Patrick Boyd initiated this lawsuit on behalf his mother, Daaiyah Jolly-Boyd, and as administrator of the Estate of Daaiyah Jolly-Boyd, without submitting an application to proceed *in forma pauperis* (IFP) or paying the civil filing fee. In June 2026, U.S. Magistrate Judge Nancy J. Koppe issued an order to show cause requiring Boyd to (1) either submit an IFP application or pay the filing fee and (2) retain counsel because a nonlawyer may not commence litigation on behalf of another person or entity. ECF No. 12.

Boyd sought a thirty-day extension of time to retain counsel, ECF No. 16, which was granted, and the deadline was extended to August 7, 2026, ECF No. 18. That order again cautioned Boyd that he was required to either pay the filing fee or file an IFP application by July 22, 2026, to avoid a recommendation that this action be dismissed. ECF No. 18 at 2. Both deadlines passed without Boyd's compliance. Judge Koppe subsequently issued a report and recommendation (R&R) to dismiss this action because Boyd failed to comply with the court's orders requiring him to pay the filing fee or submit an IFP application. ECF No. 21.

Under 28 U.S.C. § 636(b)(1)(C) and Local Rule IB 3-2(a), Boyd had until August 18, 2026, to file any objections to the R&R. *Id.* at 2 (stating that parties wishing to object to an R&R must file specific written objections supported by points and authorities within fourteen days). Boyd has neither objected to the R&R nor requested more time to do so.[1]

[1] Although Boyd filed a "Motion for Extension of Time to Comply with July 31, 2026 order; Request for Recruitment of Counsel under 28 U.S.C. § 1915(e)(1); and Supporting Declaration" (ECF No. 25), as well

Although de novo review is not required,[2] I nonetheless made an independent review of the record to determine whether to adopt the R&R. Federal law requires a party initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. § 1914(a), (b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an IFP application. 28 U.S.C. § 1915(a)(1). Indeed, a review of the record demonstrates that Boyd has not paid the filing fee or filed an IFP application despite several opportunities to do so. The circumstances here do not indicate that Boyd did not receive the court's notices to pay the filing fee or submit an IFP application. Yet Boyd failed to comply with the court's orders despite being admonished that his failure to do so could result in dismissal of his action. ECF Nos. 12, 18. As discussed in the R&R, the factors set forth in *In re Phenylpropanolamine Products Liability Litigation* weigh in favor of dismissal.[3] ECF No. 21 at 2. And a court may dismiss an action based on a party's failure to obey a court order. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988). I therefore adopt the magistrate judge's findings and accept the R&R in full.

**Conclusion**

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 21] is accepted and adopted in its entirety**. This case is dismissed.

---

as an amended motion for sanctions against defense counsel (ECF No. 26), neither filing addresses the R&R. I do not construe either filing as an objection to the R&R.

[2] "No review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[3] In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)

IT IS FURTHER ORDERED that the plaintiff's motions for preliminary injunction **[ECF Nos. 7, 8]**, motion to dismiss **[ECF No. 17]**, motion for extension of time **[ECF No. 25]**, and amended motion for sanctions **[ECF No. 26] are denied as moot**.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case. No further documents may be filed in this now-closed case.

Dated: September 11, 2026

______________________________
Cristina D. Silva
United States District Judge